## SULLIVAN et al. v. SO RELLE.
### (No. 3365.)

Court of Civil Appeals of Texas. Amarillo. Jan. 15, 1930.

W. M. Lewright, of Pampa, for plaintiffs in error.

James Spiller, of Wortham, for defendant in error.

HALL, C. J. On the 22d day of February, 1929, the defendant in error, So Rèlle, recovered a judgment in the sum of $354.25 against the plaintiffs in error Sullivan and Ray Gares and C. C. Blair. On May 4th thereafter, Sullivan and Gares filed their application for a writ of error, together with a supersedeas bond in the sum of $1,100. On December 9th, So Relle filed in this court his motion for an affirmance of the judgment on certificate.

The transcript accompanying the motion contains no citation in error. The clerk states that: "Appeal has been perfected on the 4th day of May, 1929, and nothing further has been done with reference thereto. No citation in error has been issued nor has any request to issue same been made by the defendants or either of them or their attorney. No assignments of error have been filed by the defendants and no transcript has been ordered by either of them." While this statement is not incorporated in the certificate, the conclusion of the clerk that appeal was perfected on the 4th day of May, 1929, is the result of a mistaken impression that the filing of the supersedeas bond perfected the proceeding; but such is not the law.

R. S. art. 1841, provides that the certificate of the clerk to the transcript accompanying a motion to affirm on certificate shall state "when and how such appeal was perfected or such citation was served."

"To warrant an affirmance when the proceeding is by writ of error, the defendant in error must show personal service of citation in error upon him or waiver thereof and that for more than ninety days thereafter no transcript has been filed in the appellate court." 3 Tex. Jur. § 531.

"If the appellate court has not acquired jurisdiction of an appeal or writ of error, it can not affirm on certificate. The certificate must show that an appeal has been taken or a writ of error sued out and perfected, stating when and how the appeal was perfected. * * * It must be shown that notice of appeal was given or that citation in error was served on the defendant or waived." Id. § 530.

"When a case is brought up by writ of error, the time commences to run from due and legal service of the citation in error or from the date when service is waived." Id. § 517.

When an attempt to remove a case from a trial court to this court is through a writ of error proceeding, this court acquires no jurisdiction until citation in error has been served upon the defendant in error or service thereof has been waived or accepted. Lott v. Lofton (Tex. Civ. App.) 255 S. W. 1012; Felton v. Seeligson (Tex. Com. App.) 265 S. W. 140; McGuire v. Newbill, 54 Tex. 317.

Because no citation in error has been issued and served upon the defendant in error, this court has acquired no jurisdiction, and the motion to affirm on certificate is therefore premature. We therefore overrule the motion and dismiss the proceeding for want of jurisdiction.