WILLIAM B. LOFTIN V. RUSH NALLEY ET AL.

| 28 | 127 |
| --- | --- |
| 87 | 426 |

(See this case for the practice of this court, with reference to affirming the judgment of the court below, without regard to its merits, when the appellant has failed to file a transcript of the record, as required by law, and for the strictness of compliance with the directions of the statute exacted of the appellee in such cases.)

Appeals are perfected so as to give this court jurisdiction—first, by notice of appeal, entered of record; and, secondly, by giving the appeal bond (when not dispensed with) within twenty days after the adjournment of the court. Unless these two requisites have been complied with, the jurisdiction of this court does not attach. (Paschal's Dig., Art. 1491, Note 583.)

When the appeal is perfected, it is the duty of the appellant to file a transcript of the record in this court, as prescribed by Art. 1587 of Paschal's Dig.; and in case he fail to file the transcript as thus directed, then the appellee is authorized to file with the clerk of this court a proper certificate of the clerk of the court below, and thereupon it is the duty of this court, under Art. 1589 of Paschal's Dig., to affirm the judgment of the court below. (See Paschal's Dig., Notes 614, 616.)

These proceedings are summary and *ex parte*, and therefore the party claiming the benefit of them must bring himself within the strict meaning of the law.

The clerk's certificate, filed by the appellee, consisted of a copy of the judgment and of the appeal bond, with the statement that they were true copies of the judgment rendered March 31, 1860, and of the appeal bond filed and approved April 20, 1860; but there was nothing in the copies or the certificate showing that the appeal was taken in term time, or that notice thereof was entered of record; nor does the clerk state "at what time the appeal was perfected," or that it was ever "perfected." *Held*, that the certificate is defective in not complying with the directions of the statute, and that the motion based upon it to affirm the judgment, without regard to its merits, cannot be sustained.

This court will not infer that the appeal was perfected from the statement of the clerk of the court below, in his certificate, that the appeal bond was filed and approved, as above stated. To make the clerk's certificate evidence in this court at all, it must be in accordance with the statute.

APPEAL from Falls. The case was tried before Hon. JOHN GREGG, one of the district judges.

The facts are shown in the opinion of the court. The proceeding was a motion of the appellee, in the Supreme Court, to affirm, without reference to the merits, under

the 7th section of the act of 1850, further regulating pro-
ceedings in the Supreme Court. (Paschal's Dig., Art.
1589, Note 616.) The question was upon the sufficiency
of the certificate.

*D. M. Prendergast,* for the appellees.—In this case, the
appellant having given bond, &c., for an appeal from the
judgment of the court below, and having failed to bring
up the transcript, the appellees, by attorney, move the
court to affirm the judgment of the court below without
reference to the merits.

No brief for appellant furnished to the *Reporter.*

Smith, J.—The appellees present the certificate of the
clerk of the District Court of Falls county, and suggest
that they obtained judgment against appellant on the 31st
March, 1860, and he appealed to this court, and having
failed to file a transcript of the record, as the law pre-
scribes, they move the court to affirm the judgment, with-
out reference to the merits.

Appeals are perfected so as to give this court jurisdic-
tion—first, by notice of appeal entered of record; and,
secondly, by giving the appeal bond within twenty days
after the adjournment of the court, in cases where bond is
not dispensed with, and without these two things being
done the jurisdiction of this court does not attach. (Burr
v. Lewis, 6 Tex., 76.) [Paschal's Dig., Art. 1491, Note 583.]

When the appeal is perfected, it is the duty of the appel-
lant to file a transcript of the record in this court, as pre-
scribed in Art. 1923, O. & W. Dig. [Paschal's Dig., Art.
1587, Note 614.] It is not pretended that the transcript
has been filed by the appellant.

Art. 1925, O. & W. Dig., provides, that in case the appel-
lant fails to file the transcript of the record as directed by
law, then the appellee shall have the right to file, with the

clerk of this court, a certificate from the clerk of the district court in which the judgment may have been rendered, attested by the seal of his court, stating the "*time* when the appeal was *perfected*," and it shall be the duty of this court to affirm the judgment of the court below. (Paschal's Dig., Art. 1589, Note 616.)

It is apparent that these proceedings are summary and *ex parte*, and the party claiming the benefit of them must bring himself within the strict meaning of the law.

It is important, first, to determine whether the appeal has been "*perfected*," by notice entered of record and giving the bond. The clerk's certificate consists of a copy of the judgment and appeal bond, with statement appended, that they are true copies of the judgment rendered March 31, 1860, and appeal bond filed and approved 20th April, 1860. There is nothing in the copy or certificate to show that the appeal was taken in term time or notice entered of record, nor does the clerk state "*at what time the appeal was perfected*," or that it was ever "*perfected*," unless it can be inferred from the statement that the appeal bond was filed and approved April 20, 1860. This inference we cannot draw from that statement. To make his statement evidence at all, it must be in accordance with the statute. If he had stated the "time when the appeal was perfected," as directed in Art. 1925, O. & W. Dig., it might then become a question whether that would be sufficient evidence to this court that all had been done necessary to give this court jurisdiction of the matter: that is, that notice of appeal had been entered of record, and an appeal bond had been filed and approved properly. In this case no such presumption can be indulged, there being no such statement made by the clerk, or other evidence that notice of appeal was entered of record.

This court has often decided, on motions to affirm on certificates, in cases of writs of error, that it must be made to appear to the court that the notice of the writ of error

9—xxviii

had been served on the defendant in error; and we are of
opinion it should be made to appear in appeal cases that
the notice of appeal had been given as the law directs
before judgment can be affirmed on certificate, without ref-
erence to the merits; and this certificate not being within
the rule stated, the motion to affirm must be overruled, and
.certificate dismissed at appellees' costs.

MOTION OVERRULED.