## J. A. McGuire et al. v. N. P. Newbill.

### (Case No. 1303.)

1. Citation in Error — Affirmance without Reference to the Merits.— No affirmance on certificate without reference to the merits can be had, unless the citation in error showing the date of the filing of the petition in error, the names of the parties according to such petition, the description of the judgment as therein given, and that the writ of error and supersedeas, if any, have been granted, has been served.

2. Citation in Error.— A citation in error which undertakes to describe the judgment by mentioning nine hundred acres of land as the subject of it, and which refers to a copy of petition accompanying it for specific description, is not sufficient.

3. Citation in Error — Waiver.— A compliance with the statute in the essential requisites of a citation in error, may be waived by the defendant in error; but to entitle the defendant in error to an affirmance on certificate without reference to the merits, such waiver must be made in time to enable the plaintiff in error to file the transcript in the supreme court in the period required by law.

Error from Harris. Tried below before the Hon. James Masterson.

[No briefs are with the record.]

Moore, Chief Justice.— We are asked to affirm the judgment of the district court in this case, on certificate, without reference to the merits. It is manifest that this cannot be done, unless we disregard the settled rule of decisions of the court in this class of cases, from the enactment of the law under which the judgment is asked, to the present time.

To warrant a judgment on certificate without reference to the merits, the plaintiff in error must appear on the face of the certificate to be in default by failure to file the transcript of the proceeding had in the court below in this court within the time prescribed by law. This, of course, is not the case until there has been due and legal service of the citation in error. The certificate presented to us does not show that the citation has been thus served.

By the Revised Statutes, art. 1394, it is enacted that the citation in error "shall state the date of the filing of the petition in error, the names of the parties according to such petition, the description of the judgment as therein given, and that the writ of error and supersedeas, if any, have been granted." The citation here does not pretend to give the date of the filing of the petition in error, nor does it give a description of the judgment as in the petition for writ of error. It merely mentions nine hundred acres of land as the subject of the judgment, and refers to a copy of a petition which it says accompanies the citation for its description; and while the certificate shows that a supersedeas was obtained, the language of the citation is only susceptible of a different conclusion.

It may be that these defects and omissions in the citation were corrected and supplied by the copy of the petition for writ of error, with which the clerk, in accordance with the law, before the adoption of the Revised Statutes, seems to suppose had accompanied the citation. But if it is conceded that such was the fact, it would not warrant an affirmance of the judgment, because the sheriff's return upon the citation shows merely that it was "executed . . . by delivering to N. P. Newbill in person a true copy of the within named citation."

The particulars in which the citation and service are defective, are evidently intended for the benefit and protection of the defendant in error, and no doubt may be waived by him. But this must be done in time for the plaintiff in error to file the transcript in this court by the time required by law, to entitle defendant in error to an affirmance without reference to merits, by reason of the failure of plaintiff in error to file the transcript within the required time.

Affirmance refused and certificate dismissed.

AFFIRMANCE REFUSED.

[Opinion delivered February 8, 1881.]