### FELTON et al. v. SEELIGSON.
### (Nos. 578–4044.)

(Commission of Appeals of Texas, Section A. Oct. 22, 1924.)

**I. Appeal and error** ⬅➙II27—**After motion to affirm defective service of citation, plaintiff in error held entitled to 90 days to file transcript.**

Where officer's return failed to show defendant in error was served, as required by Rev. St. art. 2092, and he filed certificate of clerk of trial court disclosing these facts, together with motion asking that judgment be affirmed on certificate, Court of Civil Appeals did not obtain jurisdiction to affirm by reason of motion, but plaintiff in error must be given 90 days after waiver of defect by such motion to file transcript and to have hearing on merits.

**2. Appeal and error** ⬅➙426—**To perfect writ of error, service of citation personally on defendant in error is necessary.**

To perfect writ of error in Court of Civil Appeals, it is necessary that citation be personally served on defendant in error, as required by Rev. St. art. 2092, or that service be waived.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

⬅➙For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by Henry Seeligson against Mrs. Lee Felton and others. From a judgment of the Court of Civil Appeals (253 S. W. 896), affirming a judgment for plaintiff, defendants bring error. Reversed and remanded, with directions.

John T. Spann, of Dallas, for plaintiffs in error.

Spence, Haven & Smithdeal, of Dallas, for defendant in error.

BISHOP, J. The defendant in error having recovered judgment against the plaintiffs in error in the county court of Dallas county, at law, No. 1, they in due time made application for writ of error to the Court of Civil Appeals of the Fifth Supreme Judicial District by filing therein their petition and bond, as required by law. Citation was duly issued, but the officer's return, which was of date January 4, 1923, failed to show that defendant in error was personally served with citation, as required by article 2092, Revised Statutes. Thereafter, on the 29th day of May, 1923, the defendant in error filed in said Court of Civil Appeals a certificate of the clerk of the trial court to a record disclosing these facts, together with his motion asking that the said judgment be affirmed on certificate, and alleging that the plaintiffs in error had failed to file a transcript of the record within the time required by law.

The Court of Civil Appeals, on June 9, 1923, in an opinion holding that, though the return of citation was defective, and for this reason insufficient to confer jurisdiction on the court to hear and determine the cause, the motion of the defendant in error, asking for affirmative relief, was sufficient to give that court jurisdiction, and on this holding granted the motion to affirm on certificate, and affirmed the judgment of the trial court. 253 S. W. 896.

[1] In due time the plaintiffs in error filed their motion for rehearing, insisting that, while the court was correct in its holding that it was without jurisdiction, by reason of defective service of citation until the motion to affirm on certificate was filed, they should have been granted the time allowed by law, after their appeal by writ of error was perfected by the filing of said motion, within, which to file transcript on appeal, and that the court was in error in affirming the judgment on certificate without reference to the merits. The motion for rehearing was, on June 30, 1923, denied.

Plaintiffs in error then filed their application for writ of error to the Supreme Court, asserting that the holding of the Court of Civil Appeals herein is in conflict with the holding of the Court of Civil Appeals for the Fourth Supreme Judicial District in the case of Thompson v. Thompson, 41 S. W. 679, and with the holding of the Supreme Court in the case of McGuire v. Newbill, 54 Tex. 317, and the writ was granted on the conflict alleged. In the case of Thompson v. Thompson, supra, the court says:

"The certificate must show that the writ of error was perfected, and it is not perfected until the citation has been duly and legally served. McGuire v. Newbill, 54 Tex. 317; Scarborough v. Groesbeck (Tex. Civ. App.) 25 S. W. 687; Loftin v. Nalley, 28 Tex. 127; Harris v. Williams, 4 Tex. 339. Applicant contends that, the defendant in error having appeared in this court in reference to the case by asking an affirmance, he has waived any defect in the service upon him. This argument might have application if the case was before us on a record. If we could construe this application as a waiver of the defect in the service, the judgment ought not to be affirmed at this time, as plaintiff in error would be entitled to 90 days from the waiver in which to file the transcript. McGuire v. Newbill, supra."

Chief Justice Moore, in the case of McGuire v. Newbill, says:

"We are asked to affirm the judgment of the district court in this case, on certificate, without reference to the merits. It is manifest that this cannot be done, unless we disregard the settled rule of decisions of the court in this class of cases, from the enactment of the law under which the judgment is asked to the present time. To warrant a judgment on certificate without reference to the merits, the plaintiff in error must appear on the face of the certificate to be in default by failure to file the transcript of the proceeding had in the court below in this court within the time prescribed by law. This, of course, is not the case until there has been due and legal service of the citation in error. The certificate presented to us does not show that the citation has been thus served. * * * The particulars in which the citation and service are defective are evidently intended for the benefit and protection of the defendant in error, and no doubt may be waived by him. But this must be done in time for the plaintiff in error to file the transcript in this court by the time required by law, to entitle defendant in error to an affirmance without reference to merits, by reason of the failure of plaintiff in error to file the transcript within the required time."

[2] To entitle the defendant in error to the relief sought, it was necessary for him to show that writ of error had been perfected to the Court of Civil Appeals, and that for more than 90 days thereafter no transcript of the record had been filed therein. To perfect the writ, it was necessary that citation be personally served on him, as required by article 2092, or that the service of such citation be waived. In this case no proof of service of citation was made, nor was there any showing that such service of citation was waived by defendant in error more than 90 days prior to the date of the judgment affirming the judgment of the trial court. The court erred in granting the motion to affirm on certificate.

We recommend that the judgment of the Court of Civil Appeals be reversed, and that

judgment be rendered denying motion of defendant in error to affirm on·certificate, and that the Court of Civil Appeals be directed to allow a reasonable time within which to file transcript of the record and briefs.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and cause remanded to the Court of Civil Appeals, with directions to deny the motion of the defendant in error to affirm on certificate, and allow a reasonable time to file transcript and briefs.