## J. M. RADFORD GROCERY CO. v. LAWSON et al.

### No. 2731.

Court of Civil Appeals of Texas. El Paso.

On Motion to Strike June 9, 1932.

Reversed and Rendered Oct. 20, 1932.

Rehearing Denied Nov. 10, 1932.

W. E. Lessing, of Abilene, for plaintiff in error. . .

Whitaker & Peticolas, of El Paso, Joe Turner, of McCamey, and W. Van Sickle, of Alpine, for defendants in error.

Motion to Strike out Transcript and Statement of Facts.

PELPHREY, C. J.

Defendants in error have filed this motion to strike out the transcript and statement of facts filed in this court on the 2d of April, 1932, and as grounds therefor assert that they were not filed within sixty days after the writ of error was perfected, as required by article 1839, Revised Statutes, as amended by Acts 42d Legis. c. 66, p. 100, § 1 (Vernon's Ann. Civ. St. art. 1839).

█ They contend that the writ of error was perfected by the filing of the writ of error and supersedeas bond in the office of the district clerk of Upton county, on January 9, 1932, while plaintiffs in error contend that the writ of error was not perfected until legal service was had upon defendants in error which did not occur until March 10, 1932.

Article 2267, R. S., provides: "When the bond, or affidavit in lieu thereof, provided for in the two preceding articles, has been filed and the previous requirements of this chapter have been complied with, the appeal or writ of error, as the case may be, shall be held to be perfected."

The other provisions of the chapter (article 2256 et seq.), in case of a writ of error, provide for the filing of a petition with the clerk of the court in which the judgment was rendered, the filing with the clerk of a bond or affidavit in lieu thereof, the issuance of citation for the defendants in error by the clerk, and service and return of such citation.

Therefore the writ of error was not perfected until the citations were served upon defendants in error. Felton v. Seeligson (Tex. Com. App.) 265 S. W. 140, and authorities cited.

Defendants in error cite the case of Reed v. Great American Indemnity Company (Tex. Civ. App.) 47 S.W.(2d) 860, as decisive of the question here involved.

The court in that case held that under article 2267 the writ of error was perfected when the bond or affidavit was filed. With such holding we cannot agree.

The Legislature evidently meant that something more than the filing of the bond was necessary to perfect the writ of error when it said, "And the other requirements of this chapter have been complied with."

The motion is overruled.

HIGGINS, J.

Plaintiff in error, a corporation, acquired certain notes executed by Will Lawson and wife in favor of Cora Moore, secured by mortgage upon a Graham-Paige sedan and an International truck. Plaintiff in error brought this suit against the makers to recover the balance due upon the notes and to foreclose the mortgage. C. M. Carroll was joined as a party defendant; it being alleged he had bought a part of the mortgaged property and assumed the payment of the notes.

Plaintiff in error is a wholesale grocery company, domiciled in Taylor county. It has a branch house at McCamey in Upton county, of which G. T. Thaxton is manager.

The testimony of defendants is, substantially, to the effect that the truck and a trailer were sold by Will Lawson to Carroll for $750, with the consent of Thaxton. The Sterling Trust Company of Los Angeles, Cal., was indebted to Carroll in the sum of about $9,000. Carroll assigned to plaintiff in error $750 of this indebtedness, and drew a draft in its favor for that amount upon the Sterling Trust Company. The draft and assignment were delivered to Thaxton, who wired the trust company and was advised by it the draft would be paid. The notes of the Lawsons amounted to $325, with some interest. It was contended by defendants that the assignment and draft was accepted by Thaxton in payment of the notes, and Thaxton agreed to pay to Lawson the difference between the $750 and the amount due upon the notes. The draft has never been paid.

Thaxton denied this, and testified he accepted the assignment and draft for the purpose of collecting the $750 for defendants; agreeing, upon payment of the draft, to apply the proceeds first to the payment of the notes and then paying the balance to Lawson; that the assignment and draft was taken in the name of plaintiff in error because it was believed by the parties the trust company would be more prompt in making payment to it. In brief, his testimony is to the effect that the plaintiff in error's connection with the transaction was that of a collecting agency for the mutual benefit of itself, Lawson, and Carroll.

The case was tried without a jury. Judgment was rendered denying plaintiff in error any relief, and upon their cross-actions Carroll recovered judgment for the title and possession of the truck, and the Lawsons had judgment for $425.

██ Plaintiff in error presents the proposition that the evidence fails to show its agent Thaxton had the authority to accept the assignment and draft in payment of the notes and obligate plaintiff in error to pay the difference between the notes and the amount of such draft and assignment.

The evidence affirmatively and without contradiction shows Thaxton had no express au-

thority so to do. Defendants in error make no point in that respect, but assert he had implied authority to do so. They predicate this assumption upon the fact that Thaxton, as the manager of the branch store at McCamey, was a general agent of plaintiff in error, and the Lawson notes had been sent to him for collection.

It is true Thaxton, as the manager of plaintiff in error's branch store at McCamey, was a general agent, but this fact did not confer upon him unlimited authority. As is said in 1 Mechem on Agency (2d Ed.) at sections 740, 741, a general agent "is far from being a universal agent or a mere autocrat, and while his apparent authority is not to be restricted by undisclosed limitations, it must, on the other hand, be confined to such transactions and concerns as are incident and appurtenant to the business of his principal and to that branch of the business which is entrusted to his care; unusual and unnatural acts are not to be tolerated; strained constructions are, to be avoided; inferences of fact are to be limited to those which are reasonable, natural and ordinary; and, as has been so often pointed out, inferences are to be drawn only from facts for which the principal is responsible and not from mere consideration of convenience or policy. The mere fact that one is found to be a general agent justifies neither court nor jury in guessing that given acts are within the scope of his authority."

"§ 741. General agent binds principal only within the scope of his authority.—The general agent, therefore, binds his principal when, and only when, his act is justified by the authority conferred upon him."

And at section 951, the same author says: "But while the agent may have no authority to receive a check or draft as payment—that is in satisfaction of the debt—he may, it is held, unless forbidden, receive it as conditional payment where he has good reason to believe that it will be paid upon presentation, and he takes it in the ordinary way as a convenient and usual method of getting the money. If it be paid, the payment is effectual; if it be not paid, the principal will ordinarily sustain no loss as he still retains his original demand."

Tested by the rule announced by Mr. Mechem, we do not regard Thaxton as having implied authority to accept the draft and assignment in absolute payment of the Lawson notes and in addition to bind his principal to pay the difference to the Lawsons. 1 Mechem on Agency (2d Ed.) §§ 715, 740, 741–946, and 949; 2 C. J. title, Agency, §§ 218, 219, 221, and 222; Western Brass Mfg. Co. v. Maverick, 4 Tex. Civ. App. 535, 23 S. W. 728; Gunter v. Robinson (Tex. Civ. App.) 112 S. W. 134; Rotan Grocery Co. v. Jackson (Tex. Civ. App.) 153 S. W. 687.

We think the evidence wholly insufficient to warrant the inference that Thaxton, as such manager, was authorized to make such an unusual agreement.

This conclusion, we think, finds some support in the settled rule that the giving of a bank check by a debtor for the amount of an indebtedness is not, in the absence of an express or implied agreement to that effect, a payment of the debt; the presumption being that the check is accepted conditional upon payment. 21 R. C. L. 60.

In the present case, the draft was not drawn upon a bank, and it was not the debtor's draft, but the case is somewhat analogous to the rule mentioned.

The case seems to have been fully developed and judgment will be here rendered in favor of plaintiff in error against Will Lawson for the balance of $325, due upon the notes with interest and attorney's fees as sued for, and against all defendants foreclosing the mortgage lien upon the sedan and truck; and that defendants take nothing upon their cross-actions.

There is no evidence that Carroll assumed the payment of the notes as the plaintiff in error alleged. It is therefore not entitled to judgment against Carroll for the amount due upon the notes.

Reversed and rendered.