## DE GRAZIER v. CRADDOCK.
### No. 11411.

Court of Civil Appeals of Texas. Dallas.
Jan. 7, 1933.

Rehearing Denied Feb. 4, 1933.

John T. Gano, of Dallas, for plaintiff in error.

Saner, Saner & Jack and R. T. Meador, all of Dallas, for defendant in error.

BOND, J.

This suit has been brought to this court by writ of error proceedings from a district court of Dallas county, Tex., perfected by plaintiff in error by means of filing a petition and an approved supersedeas bond, and forthwith caused to be issued and served on defendant in error a citation. The petition and bond were filed in the court below on September 9, 1932; the citation in error was issued 2 days later and served on the defendant in error on September 12, 1932. Thereafter, the statement of facts was filed in the office of the district clerk of Dallas county, and it, with a certified transcript of the proceedings in the court below, were duly presented and filed in this court on November 10, 1932—being 59 days after the service of citation on defendant, and 62 days after the filing of plaintiff's petition and bond.

The defendant in error has presented to this court a motion to strike the transcript and statement of facts which the clerk of this court has filed, and to dismiss the writ of error, on the ground that plaintiff in error did not file or tender to the clerk for filing the said transcript and statement of facts within the time required under article 1839, R. S. 1925, as amended by Acts of 1931, 42d Legislature, c. 66, p. 100 (Vernon's Ann. Civ. St. art. 1839). The question raised is whether an appeal by writ of error is perfected upon the filing of the petition and bond, or upon securing service on the citation in error.

Article 1839, Revised Statutes, as amended in 1931, provides: "In appeal or Writ of Error, the appellant or plaintiff in error shall file the transcript with the Clerk of the Court of Civil Appeals within sixty days from the final Judgment or Order overruling motion for new trial, or perfection of the Writ of Error. * * *" Thus, it is seen that the time within which to file the transcript in proceedings by writs of error is determined by the event of the perfection of the writ of error. Chapter 12, art. 2267, R. S. 1925, provides: "When the bond, or affidavit in lieu thereof, provided for in the two preceding articles, has been filed and the previous requirements of this chapter have been complied with, the appeal or writ of error, as the case may be, shall be held to be perfected." It is clearly apparent from the wording of this statute that the "previous requirements" referred to are the giving no-

674

tice of appeal and filing bond in cases of appeals and the issuance, service, and return of citation, etc., in cases of writs of error.

We are cited to the case of Reed v. Great American Indemnity Co., 47 S.W.(2d) 860, opinion written by the Eastland Court of Civil Appeals, in which that court held that the writ of error was perfected by the filing of the petition for the writ of error and supersedeas bond in the office of the district clerk; and we are also cited to the case of J. M. Radford Grocery Co. v. Lawson et al., 53 S.W.(2d) 843, opinion of the El Paso Court of Civil Appeals, holding that the writ of error was not perfected until legal service was had upon defendant in error. Thus, we are confronted with two conflicting opinions.

In amending article 1839, R. S., in 1931, the purpose of the amendment evidently was to expedite the disposition of causes on appeal. The emergency clause of the act fully discloses such purpose. The amendment, however, does not change the event from which the time begins to run within which to file the transcript. The Courts of Civil Appeals have potential jurisdiction of writs of error proceedings when the petition and bond are filed, and the execution of the judgment in the court below is thereby stayed. To that extent, the writ of error shall be held to be perfected, but Courts of Civil Appeals do not acquire active jurisdiction, and the writ of error is not perfected completely until the requirements of chapter 12, R. S. 1925, have been complied with, and one of those requirements is that citation of the writ shall be served. The service of the citation gives the appellate court active jurisdiction to determine the cause. Weems v. Watson, 91 Tex. 39, 40 S. W. 722, 723; Thompson v. Pine, 55 Tex. 429; Barnard v. Tarleton, 57 Tex. 402. We think the filing of the petition and bond, and the issuance, service, and return of the citation, has the effect of completely conferring jurisdiction on this court, and until citation has been served the time limit for filing the transcript does not begin to run and the appellant in error has sixty days from the day of service of the writ.

While a plaintiff in error might lose his right to have a cause heard on its merits in this kind of proceedings by negligent failure on his part to use proper diligence to procure a service of citation in error, we think that, in this case, plaintiff in error's failure to file the transcript, within sixty days from the filing of the bond, should not work such a result, and that he acted within the time required by law.

The statute, as amended, might be doubtful as to whether the time for filing the transcript shall begin to run from the filing of the petition and bond, or the service of the writ. In some cases, the service might delay the active jurisdiction of this court to hear the case on its merits; but the right of appeal, being one guaranteed by our Constitution, should never be denied except under very reasonable and liberal rules and regulations which may become necessary looking to the rights of litigants and the ends of substantial justice. The right of appeal contemplates that the cause should be disposed of on its merits in the appellate court, except in cases where the party be deprived of that right as a result of some reasonable, necessary, and positive provision of law or rule of court. If a doubt arises, such doubt should be resolved in favor of the appeal.

It follows from what we have said that the motion of defendant in error, that the transcript be stricken and the said writ of error be dismissed, is overruled.

Overruled.