## MOODY–SEAGRAVES RANCH, Inc., et al. v. BROWN et al.

### No. 11281.

Court of Civil Appeals of Texas. San Antonio.

April 12, 1933.

Coke R. Stevenson, of Junction, and McDonald & Wayman, of Galveston, for plaintiffs in error.

H. W. Green, of San Antonio, R. L. Cole, of Houston, Robt. H. Rice, of San Antonio, Ira J. Allen, Phil D. Woodruff, W. P. Hamblen, Ewing Werlein, and Rolland Bradley, all of Houston, and Katherine Stephenson, of Junction, for defendants in error.

SMITH, Justice.

The judgment complained of was rendered August 18, 1932, and no motion for new trial was filed. Petition for writ of error and bond therein were filed on September 28, 1932.

Waivers of service of citation in error were executed on various days in September and October, 1932; under the purported signa-

432

tures of all the numerous defendants in error, by their respective attorneys of record, the last such waiver having been executed on October 24, 1932. A waiver purportedly in behalf of defendants in error W. C. Rigsby and wife, Mimmie S. Rigsby, "by Chas. A. Schreiner, Jr.," was dated September 26, 1932. Subsequently, on January 9, 1933, the Rigsbys in person executed a like waiver, which was filed among the papers in the case on January 11th. Two days later, on January 13th, defendants in error filed their motion to affirm on certificate upon the contentions (1) that the sixty days allowed plaintiffs in error in which to file the record in this court must be computed from the date of the "perfection of the writ of error," and (2) that writ of error was "perfected" by the filing of petition and bond for writ of error.

■ We overrule the latter contention of defendants in error, that the writ was perfected by the filing of the petition and bond, and hold that under article 1839, as amended (Vernon's Ann. Civ. St. art. 1839), writ of error is deemed to be perfected, within the contemplation of that statute, not by the filing of petition and bond, but by service or waiver of citation in error. Article 1839, as amended, reads as follows: "In * * * Writ of Error the * * * plaintiff in error shall file the transcript with the Clerk of the Court of Civil Appeals within sixty days from the * * * perfection of the Writ of Error. * * *"

The procedure in appeals and writs of error is prescribed in detail in chapter 12, art. 2249 et seq., R. S. 1925. In those articles provision is made for filing petition and bond in error, and for service of citation in error, and those provisions are followed by article 2267, as follows: "When the bond, or affidavit in lieu thereof, provided for in the two preceding articles, has been filed *and the previous requirements of this chapter have been complied with, the appeal or writ of error, as the case may be, shall be held to be perfected.*" (Italics ours.)

That language is too plain to warrant speculation. It provides in simple terms that writ of error shall be held to · be perfected when, and only when, the bond for costs "has been filed and the previous requirements of this chapter [filing petition and supersedeas bond, and issuance and service of citation] have been complied with."

■ It is settled that under this provision writ of error is not perfected, and the appellate court does not acquire jurisdiction, even to affirm on certificate, until all defendants have been served. 3 Tex. Jur. § 253; Loftin v. Nalley, 28 Tex. 127; McGuire v. Newbill, 54 Tex. 317; Vineyard v. McCombs, 100 Tex. 318, 99 S. W. 544; Felton v. Seeligson (Tex. Com. App.) 265 S. W. 140.

■ And so is it equally well settled that the time allowed for filing the record in the appellate courts in writ of error cases must be computed from the date of service or waiver of citation in error, without regard to the date of filing petition or bond in error. 3 Tex. Jur. § 189; Felton v. Seeligson, supra; J. M. Radford Gro. Co. v. Lawson (Tex. Civ. App.) 53 S.W.(2d) 843.

■ So, defendants in error's right to affirm on certificate must be determined according to the time of the completion of service or waiver thereof. The last waiver of service (other than that executed in person by the Rigsbys on January 9, 1933) was executed on October 24, 1932, and plaintiffs in error were required under the plain terms of article 1839, as amended, to file the record in this court, or motion for extension of time therefor, within sixty days from said October 24, 1932, unless such time may be properly computed from the time of the execution of the substituted waiver executed by the Rigsbys in person on January 9, 1933.

We have concluded that plaintiffs in error were justified in postponing perfection of the writ of error until they procured personal service upon the Rigsbys or their attorneys of record, or properly authorized waiver thereof.

It appears from the record that the Rigsbys were absent from the state when the application for writ of error was filed, and did not return for some time thereafter; that in their absence, and without the procurement of plaintiffs in error, waiver of service in behalf of the Rigsbys was executed by a third party other than an attorney of record, to wit, L. A. Schreiner, Jr., who had no apparent authority therefor; that upon their return to the state the Rigsbys in person, upon the request of plaintiffs in error, executed a proper waiver, thus legally perfecting the writ of error. Plaintiffs in error thereafter, on January 25, 1933, tendered the record in the case to this court, with motion for leave to file, this court in the meantime having granted defendants in error's motion to affirm on certificate. The whole transaction is now before this court on plaintiffs in error's motion for rehearing and for leave to file.

We have concluded that the motion should be granted. The waiver executed by Schreiner in behalf of the Rigsbys was not binding upon them, since he was not their attorney, of record or otherwise, and had no apparent authority to act for them. The fact, but just now disclosed, that Schreiner, who is a brother of Mrs. Rigsby, was in fact (although not expressly) authorized to act for them, was not apparent of record or known to plaintiffs in error, and is therefore unimportant in this ·inquiry.

Plaintiffs in error were justified in postponing the filing of the record in this court until they secured legal service upon the Rigsbys, for, had they proceeded upon the assumption that the waiver executed by

Schreiner for the Rigsbys was sufficient, and had completed the writ of error upon that assumption, the same would have been subject to dismissal had that waiver been repudiated by the Rigsbys, who undoubtedly could have repudiated it, had they been so minded. Plaintiffs in error were therefore justified in waiting for a legal waiver from the Rigsbys before proceeding with the writ. The effect of these conclusions is to hold that the writ of error was not perfected until January 9, 1933.

Plaintiffs in error therefore were under the duty of filing the record in this court, or in the alternative a motion to enlarge the time therefor, within sixty days of said date, January 9, 1933. They did tender said record for filing within said period, to wit, on January 25, 1933, and the same is hereby ordered filed.

Plaintiffs in error's motion for rehearing and for leave to file record will be granted, the order to affirm on certificate will be set aside, and the motion therefor overruled, and the transcripts of the record and of the evidence tendered by plaintiffs in error will be filed as of January 25, 1933.