**SPUR INDEPENDENT SCHOOL DIST. v. W. A. HOLT CO., Inc., et al.**

**No. 1664.**

Court of Civil Appeals of Texas. Waco.

June 28, 1934.

J. W. Spivey and F. R. Valentine, both of Waco, for plaintiff in error.

McClellan, Lincoln & Williams, of Waco, for defendants in error.

ALEXANDER, Justice.

In the lower court W. A. Holt Company, Inc., sued Spur Independent School District and Spur High School Athletic Association to recover the purchase price of certain merchandise alleged to have been sold to the defendants on their joint account. Neither of the defendants filed any pleading over against the other. The Athletic Association defaulted. Upon a trial on the merits between the plaintiff and the other defendant the verdict of the jury was for the plaintiff.

Hence judgment was entered against said two defendants jointly and severally for the contract price of the goods in question. No provision was made for any contribution by either of the defendants to the other. The Spur Independent School District sued out a writ of error to this court naming its codefendant, the Spur High School Athletic Association, and the plaintiff, W. A. Holt Company, Inc., as defendants in error. Citation in error was served on W. A. Holt Company, Inc., on March 12, 1934, and on Spur High School Athletic Association March 14, 1934. The transcript and statement of facts were filed in this court on the 12th day of May, 1934, which was within the statutory sixty-day period after citation on Spur High School Athletic Association, but not within sixty days after service of citation on W. A. Holt Company, Inc.

The defendant in error W. A. Holt Company, Inc., has filed in this court a motion to strike the statement of facts and transcript on the ground that same were not filed within the time provided by law. Its theory is that the Athletic Association was not a necessary party defendant in the writ of error proceedings and since the record was not filed in this court within sixty days after service of citation in error on W. A. Holt Company, Inc., which according to its contention was the only necessary party defendant in said proceedings, the same was not filed within the time provided for in Revised Statutes, art. 1839, as amended (Vernon's Ann. Civ. St. art. 1839).

■ There are numerous decisions in this state dealing with the question as to who are necessary or indispensable parties to a writ of error proceeding, but we have found none dealing with the question as to who may be joined as a proper party defendant therein under the present statute. The statute provides that a petition for writ of error shall state the names of all parties adversely interested. Rev. St. art. 2257. All parties whose interest may be materially affected by a reversal or modification of the particular part of any judgment attempted to be reviewed on appeal, and who do not join in the petition for writ of error, are adversely interested and must be joined as defendants in error in order to confer jurisdiction upon the appellate court to review that particular part of the judgment. 3 Tex. Jur. 162. Whether one is or is not a necessary party to a writ of error proceeding depends on his relation to the particular part of the judgment sought to be reviewed. He may be a necessary party

in an attempt to review one particular part of the judgment and not indispensable in an attempt to review another part. Weems v. Watson, 91 Tex. 35, 40 S. W. 722.

■ Applying the above rules to the facts here under consideration, we are convinced that the Athletic Association was not a necessary or indispensable party defendant in error. No judgment was sought or obtained in the lower court in favor of either of the defendants therein against the other. The judgment in favor of the plaintiff below against the Athletic Association will in no wise be affected by a reversal or modification of the judgment in favor of said plaintiff against the Spur Independent School District. The Athletic Association's right of contribution, if any, against its co-obligor, the Spur Independent School District, will not be cut off or in any wise affected by a reversal of the judgment recovered by the plaintiff below against said Independent School District. Hoxie v. Farmers' & Mechanics' Nat. Bank, 20 Tex. Civ. App. 462, 49 S. W. 637 (writ refused); Lipsitz v. First Nat. Bank (Tex. Civ. App.) 288 S. W. 609; Southern Casualty Co. v. Fulkerson (Tex. Civ. App.) 30 S.W.(2d) 911, par. 14; Barton v. Farmers' State Bank (Tex. Civ. App.) 263 S. W. 1093. Hence it cannot be said that the Athletic Association was a necessary or indispensable party to the writ of error proceedings.

■ However, it does not result that the Athletic Association is not a proper party to such proceeding. Rev. St. art. 2257, provides who shall be named as defendants in error, but fixes no limitation as to who may be so joined as proper parties thereto. It is provided by statute that every final judgment of a county court in a civil case over which that court has original jurisdiction may be removed to the Court of Civil Appeals by writ of error. Rev. St. art. 2249, as amended by Acts 40th Leg. (1927) c. 52, § 1 (Vernon's Ann. Civ. St. art. 2249). Since all such judgments may be so removed to the Court of Civil Appeals, it is necessarily implied that the appellate court has potential jurisdiction over all parties to the judgment sought to be reviewed. Any party to such judgment who feels himself aggrieved may sue out a writ of error. He may desire to attack the entire judgment as to all parties thereto. If so, he has a right to join all such parties as defendants in error and thus invoke the active jurisdiction of the court for the purpose of hearing his complaint, even though upon such hearing it may develop that he has no right to complain. An assured ground of reversal is not a necessary prerequisite to the right to invoke the jurisdiction of the court. The Athletic Association was a party to the judgment appealed from and it was therefore properly named as one of the defendants in error.

■ Since the Athletic Association was named as one of the defendants in error, the time for filing the record in this court did not expire until sixty days after service of citation in error on it. Rev. St. art. 1839, as amended (Vernon's Ann. Civ. St. art. 1839); De Grazier v. Craddock (Tex. Civ. App.) 56 S.W.(2d) 673. Hence the record was filed in this court within the time allowed by law.

The motion to strike the transcript and statement of facts is overruled.