**ADAMS et al. v. BIDA.**

No. 1053.

Court of Civil Appeals of Texas. Eastland.
April 26, 1935.

Rehearing Denied May 17, 1935.

L. H. Flewellen, of Ranger, and Frank Sparks, of Eastland, for plaintiffs in error.

Allen D. Dabney, of Eastland, and M. McCullough, of Dallas, for defendant in error.

FUNDERBURK, Justice.

■ From a judgment of the county court in favor of Frank Bida against H. G. Adams, T. O. Bray, and others, jointly and severally, for $616.36 and interest, the named defendants have attempted to bring the case to this court upon a writ of error. The petition for writ of error · and writ of error (supersedeas) bond were filed in the trial court on December 30, 1931, and the citation in error, according to the sheriff's return, was served February 24, 1932. The transcript of the record was filed in this court on February 29, 1932, which was 61 days after the date of filing the petition for writ of error and bond. No extension of time in which to file the transcript had been requested or granted. When the case was reached upon regular submission, it then appeared according to the decision of this court in Reed v. Great American Indemnity Co., 47 S.W.(2d) 860, that we were without jurisdiction to hear the case upon its merits. At that time, however, the El Paso Court of Civil Appeals, in J. M. Radford Grocery Co. v. Lawson, 53 S.W. (2d) 843, had determined the same question of jurisdiction contrary to our decison in Reed v. Great American Ind. Co., supra, and we were advised in some way that the Supreme Court had taken jurisdiction of one or more cases in which the question would be finally determined by that court. We therefore, with the consent of counsel, deferred consideration of this case, awaiting the decision of the Supreme Court. It now appears that the Supreme Court, for some reason, has not passed upon the merits of any case in which the question was involved, and we have determined to take up the instant case for disposition.

Since the decisions in Reed v. Great American Ind. Co., supra, and Radford Grocery Co. v. Lawson, supra, the Dallas Court of Civil Appeals, in De Grazier v. Craddock, 56 S.W.(2d) 673, 674, and the San Antonio Court of Civil Appeals in Moody-Seagraves Ranch, Inc. v. Brown, 59 S.W.(2d) 431, have passed upon the same question, agreeing with the conclusions reached by the El Paso Court of Civil Appeals in the Radford Grocery Company Case. Also the Waco Court of Civil Appeals, in Spur Ind. School District v. W.

A. Holt Co., 74 S.W.(2d) 420, assumed that a transcript was filed in time if filed within 60 days from the service of citation in error.

In view of these conflicts, we have not merely relied upon Reed v. American Ind. Co., supra, as determinative of the question at issue, but have made an independent investigation of the subject in the light of the conflicting decisions with the result that we have arrived at the same conclusion as before. The question arises upon the amendment of R. S. 1925, art. 1839, enacted by the 42d Leg. (chapter 66, General Laws, 1931, p. 100). The article as amended reads as follows: "In appeal or Writ of Error the appellant or plaintiff in error shall file the transcript with the Clerk of the Court of Civil Appeals within *sixty* days from the *final judgment* or *order overruling motion for new trial,* or *perfection of the Writ of Error;* provided, that for good cause shown before the expiration of such *sixty* day period, the Court shall permit the transcript to be thereafter filed upon such terms as it shall prescribe." Before the amendment, said article was as follows: "In appeal or writ of error, the appellant or plaintiff in error shall file the transcript with the clerk of the Court of Civil Appeals within *ninety* days from the *perfection of the appeal* or *service of the writ of error;* provided, that for good cause, the court may permit the transcript to be thereafter filed upon such terms as it may prescribe." The italics in both quotations indicate the changes involved in the amendment. As having a bearing upon the question at issue, we quote R. S. 1925, art. 2267, which, since long prior to the above-mentioned amendment to article 1839, has read as follows: "When the bond, or affidavit in lieu thereof, provided for in the two preceding articles, has been filed and the previous requirements of this chapter have been complied with, the appeal or writ of error, as the case may be, shall be held to be perfected." The question for decision may be concretely stated thus: Did the substitution by the 1931 amendment ·(of article 1839) of the words "or perfection of the Writ of Error" for the words "or service of the writ of error" in the former provision have the effect of specifying a different event from which the time within which to file the transcript in the appellate court should begin to run? Another way of stating the question would be: Does "perfection of the Writ of Error" within

the language of the amendment mean the "service of the writ of error" as formerly provided, or does it mean the filing of a writ of error bond, or affidavit in lieu thereof, following such previous requirements as, together with the filing of such bond or affidavit, transfers the jurisdiction of a case from the trial court to the appellate court?

There is no ground for any difference of opinion concerning the purpose of the 1931 amendment of article 1839. As said in De Grazier v. Craddock, supra: "In amending article 1839, R. S., in 1931, the purpose of the amendment evidently was to expedite the disposition of causes on appeal. The emergency clause of the act fully discloses such purpose." In determining what the words "perfection of the Writ of Error" as used in the amendment mean, it is a safe proposition to say that they mean the same as that term had long been defined in R. S. 1925, art. 2267. According to that definition, a "writ of error * * * shall be held to be perfected" when the bond prescribed in article 2265, or the affidavit prescribed in article 2266, "has been filed and the previous requirements" of R. S. 1925, title 42, chapter 12, "have been complied with." There is no ambiguity in the definition, unless it be in the words "and the previous requirements of this chapter have been complied with." It may be admitted that this clause is ambiguous. The language is susceptible of the meaning that it refers to those statutory requirements set out in the same chapter which constitute preliminary steps essential to conferring jurisdiction upon the appellate court, but which alone do not confer such jurisdiction, as, for instance, giving notice of appeal or filing a petition for writ of error. On the other hand, since in case of an attempt to appeal by writ of error the service of a writ of error is essential to confer upon the appellate court jurisdiction to determine the merits of the appeal, and the requirement of such service is set out in the same chapter, the language may be said to refer to that. To ascertain which of these two possible meanings the language of the amendment was intended to have, resort must be had to rules of statutory construction. If, after application of these rules, there remains no reasonable doubt that "perfection of the writ of error" means the filing of the bond, or affidavit, following certain essential preliminary steps, effect should be given to the statute accordingly. If, after application

tion of all such rules, there still remains a reasonable doubt of the meaning intended, then, as said in De Grazier v. Craddock, supra, "such doubt should be resolved in favor of the appeal."

One important rule of statutory construction is stated in Corpus Juris as follows: "Where words or phrases employed in a new statute have been construed by the courts to have been used in a particular sense in a previous statute on the same subject, or one analogous to it, they are presumed, in the absence of a clearly expressed intent to the contrary, to be used in the same sense in the new statute as in the previous statute." 59 C. J., p. 1063, § 625, and authorities cited under note 42. This rule applies to a construction given by the Supreme Court and not to intermediate courts, except where, after a construction of a statute by an intermediate court, the court of last resort has denied a writ of error to review the case. Id. p. 1064. The rule is of material assistance here, and in Reed v. Great American Ind. Co., supra, was deemed controlling. In Vineyard v. McCombs, 100 Tex. 318, 99 S. W. 544, 545, the Supreme Court, construing this statute, held that a writ of error was perfected when the petition for the writ of error and bond were filed. The language of the court was: "*The statute gives to the filing with the district clerk of the petition and bond for a writ of error the effect of perfecting it,* but the record is not properly filed in the appellate court until there has been service of the citation in error." (Italics ours.) See, also, Golden West Oil Co. v. Goldenrod Oil Co. (Tex. Civ. App.) 285 S. W. 627; Binyon v. Smith, 50 Tex. Civ. App. 398, 112 S. W. 138; Lipscomb v. McCart (Tex. Civ. App.) 295 S. W. 245; Leavitt v. Brazelton, 28 Tex. Civ. App. 3, 66 S. W. 465; Cruz v. State, 76 Tex. Cr. R. 32, 172 S. W. 235. In Vineyard v. McCombs, supra, it will be seen that both the events which could possibly be the "perfection of the Writ of Error." and about which the ambiguity of the statute raises the question here in issue, were dealt with, and of the two the Supreme Court said that a writ of error was perfected when the petition for writ of error and bond were filed. Those two things—the filing of the petition and bond—had the effect of transferring jurisdiction of the case from the trial court to the appellate court. That such is the effect of the timely filing of a

proper petition for writ of error and bond there can be no ground for argument. W. U. Tel. Co. v. White (Tex. Civ. App.) 143 S. W. 958; Crunk v. Crunk, 23 Tex. 604, 605. The appellate court is not thereby vested with jurisdiction to pass upon the merits of the case, but it does have jurisdiction. It has such jurisdiction that it may issue writs of injunction to protect it. It has jurisdiction to affirm on certificate upon the existence of the other conditions which in law give the right to affirm on certificate. T. & P. Ry. Co. v. Phillips (Tex. Civ. App.) 56 S.W.(2d) 210; Id. (Tex. Civ. App.) 45 S.W.(2d) 265. It would thereby have the right to grant or refuse an extension of time in which to file the record in the appellate court. Nothing to the contrary was held in Felton v. Seeligson (Tex. Com. App.) 265 S. W. 140, which seems to have been regarded as authority in J. M. Radford Grocery Co. v. Lawson, supra. The reason it was held in Felton v. Seeligson that the appellate court had no jurisdiction to affirm on certificate was not because the writ of error had not been perfected in the sense of transferring jurisdiction from the trial court to the appellate court. On the contrary, it was necessarily implied that such jurisdiction had been transferred. The statute then gave the plaintiff in error 90 days after the "service of citation in error" to file the transcript. The statute plainly and expressly so provided. There being no proper service, the time had not expired in which to file the transcript. Until the expiration of such time, there was of course, no right to an affirmance on certificate. If the statute then had provided as in the amendment, and assuming that the amendment means that a writ of error is perfected upon the filing of the bond, then the holding of the court would have been different. The court could then have said that the time had expired. On the other hand, in Felton v. Seeligson, the proper action of the court would have been to dismiss the case, had the writ of error not been perfected in some sense. The decision is entirely in accord with Vineyard v. McCombs, supra, and the other cases above cited. It is helpful, in that it tends to clarify the proposition that two kinds or degrees of jurisdiction are involved, one being accomplished as, we are endeavoring to show, by the filing of the petition for writ of error and bond, and the other by the service of citation in error. Practically the latter can alone confer no greater juris-

diction than the former. There is in addition required the timely filing of the record in the appellate court. For all practical purposes, so far as we can see, an appellate court is vested with all the jurisdiction of the case by the timely filing of a petition for writ of error and bond that it has by service of citation in error, if no transcript of the record ever be filed in the appellate court. In neither case could the court review upon its merits any action of the court below.

Conceding that in a sense a writ of error is not perfected until the service of citation in error, as held in Felton v. Seeligson, supra; Thompson v. Thompson (Tex. Civ. App.) 41 S. W. 679; McGuire v. Newbill, 54 Tex. 317; Scarborough v. Groesbeck (Tex. Civ. App.) 25 S. W. 687; Loftin v. Nalley, 28 Tex. 127, and Harris v. Williams, 4 Tex. 339, the situation remains that in Vineyard v. McCombs, supra, the Supreme Court held that a petition for writ of error was perfected upon the filing of petition and bond. It is at least apparent that the Legislature may have intended the meaning ascribed to the words by the Supreme Court in that decision. If that is the most that can be said, then resort must, of course, be had to other rules of construction to determine which of the two possible meanings was intended. It will be observed that, while the statute says the filing of bond, or affidavit in lieu thereof, and the "previous requirements of this chapter have been complied with," the writ of error shall be held to be perfected. Judge Williams in Vineyard v. McCombs said the filing of the petition for writ of error and bond would perfect the writ of error. In so saying the Supreme Court, we think, thereby construed the statute to mean, as applied to that particular case, that "the previous requirements" were the filing of the petition for writ of error. It is too elementary to require the citation of authorities that the filing of a writ of error bond, absent the filing of a petition for writ of error, would confer no jurisdiction upon the appellate court, and therefore in no sense would constitute a perfection of the writ of error. The only reasonable conclusion, it seems to us, to be deduced from the reading of the statute and the Supreme Court's decision construing it, is that the "previous requirements" stated in the statute mean those preliminary steps which with the filing of bond or affidavit do perfect an appeal or writ of error, as the case may be.

 Now, let us see what other aid, if any, is to be had from rules of statutory construction. Recurring to the purpose of the, amendment, it is another well-recognized rule that, if a statute is subject to more than one construction, "it must be given that which will best effect its purpose, rather than one which would defeat it, * * * even though both are equally reasonable." 59 C. J. 963, § 571. Again: "The object of the statute must be kept in mind and such construction placed upon it as will, if possible, effect its purpose." 59 C. J. 961, § 571; Balfour v. Collins, 119 Tex. 122, 25 S.W.(2d) 804; Thrush v. Lingo Lumber Co. (Tex. Civ. App.) 262 S. W. 551, 557; Stolte v. Karren (Tex. Civ. App.) 191 S. W. 600. In cases appealed, as distinguished from those taken up on writ of error, not only the time for filing transcripts was shortened from 90 to 60 days, but the event from which said period of time was to be reckoned was changed from "the perfection of the appeal" to "the final judgment" or "order overruling motion for new trial." In other words, it indisputably appears that the amendment sought to expedite the disposition of cases other than those taken up by writ of error, in two different ways: (1) By making the time in which to file a transcript start from the date of the judgment, or order overruling motion for new trial, instead of the later event of "perfection of the appeal"; and (2) by shortening the time from 90 days to 60 days. Was there any reason why the Legislature should not intend similarly to expedite cases taken up by writ of error? Without doubt under the law before the amendment there existed greater opportunity for unnecessary delay in the disposition of such cases than those directly appealed. After the filing of petition for writ of error and bond, sometimes a year or more would elapse before service of citation in error. When such service was had, then 90 days more were allowed in which to file the record in the appellate court. Not even negligence in, procuring service, where no willful purpose of delay was apparent, was always regarded as a reason for dismissing a petition for writ of error. See American Nat. Ins. Co. v. Rodriquez (Tex. Civ. App.) 147 S. W. 678. The Legislature in the amendment was dealing with both appeals and writs of error. Giving the language of the amendment one of its two possible meanings, then we must ascribe to the Legislature the intention to expedite most materially only cases taken up by direct appeal, which were those already being more expeditiously disposed of than others, and the intention not to so materially expedite the disposition of cases taken up by writ of error. But, by giving the language of the amendment the other possible meaning, then the amendment accomplishes, not merely the purpose of expediting in two different ways cases directly appealed, but also to expedite in two different ways cases taken up on writ of error where there undoubtedly existed the greatest unnecessary delay—the very evil sought to be remedied. Certainly some very compelling reason must exist for not applying the aforementioned rule that, when construction is called for, that shall be given, if possible, which best effectuates the purpose of the statute.

 Yet another rule compels the conclusion, we think, that of the two possible meanings that one was intended which, as stated above, best accomplishes the undoubted purpose of the amendment. That rule is well stated as follows: "It will be presumed that the Legislature, in adopting the amendment intended to make some change in the existing law, and therefore the courts will endeavor to give some effect to the amendment. So a change of phraseology from that of the original act will raise the presumption that a change of meaning was intended." 59 C. J. p. 1097, § 647, note 36; McLaren v. State, 82 Tex. Cr. R. 449, 199 S. W. 811; S. A. & A. P. Ry. Co. v. Southwestern Tel. & Tel. Co., 93 Tex. 313, 321, 55 S. W. 117, 49 L. R. A. 459, 77 Am. St. Rep. 884; Jesse v. De Shong (Tex. Civ. App.) 105 S. W. 1011. In the amendment in question there was a change of phraseology. Of the two possible meanings of the changed phraseology one is identical with the law before it was amended; the other is not. The other, as we have shown, more completely accomplishes the purposes of the amendment. If the above rule is of any value whatever, can there be any doubt of the intention that should be ascribed to the Legislature?

 As to cases directly appealed, there can exist no difference of opinion that the amendment was intended to put pressure upon parties to get their cases in the appellate court and ready for trial, expeditiously. If, however, as to cases sought to be reviewed by writ of error, no change in the law was intended, except to shorten the time from 90 to 60 days, the amendment had the effect of requiring little expedition

where it was most needed. If the amendment means what as we think every rule or principle of statutory construction requires us to hold, then, after a party had perfected his writ of error by filing his petition and bond (or affidavit in lieu thereof), he would be under pressure to expedite service of citation in order to get his transcript filed in time, since he would be under the necessity within the 60 days' time of making a proper showing of diligence in a motion to have the time extended. The statute would operate upon him to expedite service of the citation in error precisely as it operated upon an appellant to expedite the filing of bills of exception and statement of facts. The amendment made no requirement absolutely that the transcript be filed within 60 days, whatever the event from which the time was to begin to run. The requirement of the statute was that the transcript be filed within 60 days, or the time be extended. There is no more reason, as we see it, why the amendment, as we construe it, cannot operate and accomplish the certain purposes of the amendment unaffected by the fact that the time begins to run from a time prior to the service of citation in error than there is that it cannot operate in the case of a regular appeal from a time prior to the filing of bills of exception, or a statement of facts.

To recapitulate briefly: Certain language of the previous statute was by the amendment changed. From such change the law presumes a change in meaning was intended. The language is susceptible of two meanings. According to one, there would be no change in the former statute. The change of language would add nothing to the accomplishment of the purposes of the amendment. Given the other meaning, the changed phraseology would accomplish the purposes of the amendment to a greater degree than any other change made by the amendment. By construing the language to mean what it has been held by the Supreme Court to mean, there would be a change of meaning agreeably to the legal presumption, and such change would accomplish to the greatest extent the purposes of the amendment. All these considerations leave no doubt in our minds that the Legislature intended to provide that a writ of error has been perfected, when, following the due and timely filing of a proper petition for writ of error, the writ

of error bond (or affidavit in lieu thereof) is duly filed.

It is therefore our conclusion that the petition for writ of error should be dismissed for want of jurisdiction, and it is accordingly so ordered.

HICKMAN, Chief Justice.

My views on the question decided in the majority opinion are well expressed in the cases cited in the majority opinion as announcing contrary conclusions. The opinion of the San Antonio Court of Civil Appeals in Moody-Seagraves Ranch, Inc., v. Brown, 59 S.W.(2d) 431, written by Justice Smith, tersely and accurately expresses my views. I do not, therefore, deem it important to enter into a discussion of the question, but respectfully indicate my inability to agree with my associates.