

# The Attorney General of Texas

December 29, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Lyndon L. Olson, Jr.
Chairman
State Board of Insurance
1110 San Jacinto Blvd.
Austin, Texas    78786

Opinion No.   JM-106

Re:  Construction of amendments to sections 12(c) and 14(c) of article 21.14 of the Texas Insurance Code

Dear Mr. Olson:

Senate Bill No. 1040 of the Sixty-eighth Legislature amended several sections of article 21.14 of the Texas Insurance Code, including sections 12 and 14. Article 21.14 generally regulates the licensing of local recording agents and solicitors. Section 12 relates to appointments of local recording agents by insurance companies. Section 14 relates to appointments of solicitors by local recording agents.

You have asked whether language added to article 21.14 by sections 12(c) and 14(c) to require confidentiality of information applies only to information furnished under sections 12 and 14, respectively, or applies to all information furnished under article 21.14. We conclude that the requirement that information, documents, records, or statements furnished to the Insurance Board shall be confidential and privileged applies only to the information, documents, records, or statements furnished pursuant to sections 12 and 14, respectively.

As amended by Senate Bill 1040, section 12 in subsections (a), (b), and (d), provides that insurance companies licensed to do business in this state may appoint and withdraw appointments of licensed recording agents to serve as agents of the appointing companies; that on termination for cause of an agent's appointment, the company shall file an explanatory statement of facts with the State Board of Insurance; and that insurance companies providing such information without malice are protected from liability. As amended, section 14, in subsections (a), (b), and (d), provide that local recording agents may appoint and withdraw appointments of licensed solicitors to solicit insurance business; that on termination for cause of a solicitor's appointment, the local recording agent shall file an explanatory statement of facts with the State Board of Insurance; and that insurance companies and their agents providing

p. 444

such information without malice are protected from liability.   In addition to those provisions, both section 12(c) and section 14(c) provide that "[a]ny information, document, record, or statement required to be made or disclosed to the Board pursuant to this Article shall be deemed privileged and confidential unless or until introduced as evidence in an administrative hearing."

If language in a statute has a definite meaning, that meaning will be accepted in construing the statute.  See City of Port Arthur v. Tillman, 398 S.W.2d 750 (Tex. 1965).  Also, words are considered to have been used in their usual sense unless the context indicates the contrary.  See Markowsky v. Newman, 136 S.W.2d 808 (Tex. 1940); Sugg v. Smith, 205 S.W. 363 (Tex. Civ. App. - Austin 1918, writ ref'd).  We believe that the language of sections 12(c) and 14(c) is not free of ambiguity.   The ambiguity centers on the meaning of the phrase "pursuant to this Article."   The question is whether this language refers to information, documents, records, or statements provided under all sections of article 21.14 or refers to information, documents, records, or statements provided under only sections 12 and 14 but which nevertheless are provided pursuant to article 21.14. Sections 12(c) and 14(c) refer to "information, documents, records, or statements," which are the type of evidence that ordinarily would be used only in conjunction with a statement of facts used to support a termination for cause, thus suggesting that the scope of the two subsections is limited to only the two respective sections.  However, the word "any" precedes the word "information," suggesting that the scope of the two subsections might include article 21.14 in its entirety.

An ambiguous statute must be construed consistent with legislative intent, and the legislative intent can be ascertained by looking beyond the terms of the statute.  See Huntsville Independent School Dist. v. McAdams, 221 S.W.2d 546 (Tex. 1949); Newsom v. State, 372 S.W.2d 681 (Tex. Crim. App. 1963).

Sections 12 and 14 relate to termination for cause of the appointments of agents and solicitors, such as terminations for misrepresentation or for misappropriation of money.  To maintain integrity of practioners in the insurance industry, the state has a need to collect information about such terminations.  It is plausible that, once the state collects adverse or sensitive information about a person, the state has the obligation to protect that information except when a legitimate state interest necessitates disclosure.  A requirement of confidentiality of information that is applicable only to information relating to termination for cause furnished pursuant to sections 12 and 14, and is not applicable to all information furnished to the State Board of Insurance under article 21.14, would reflect the legislative trend toward protecting from disclosure only a limited amount of sensitive public information.  See V.T.C.S. art. 6252-17a.

In resolving the ambiguity, reference may be made to articles containing like or similar language. See Adams v. Bida, 83 S.W.2d 420 (Tex. Civ. App. - Eastland 1935), rev'd on other grounds, 84 S.W.2d 693 (Tex. 1935). An administrative agency's decision and practice in applying a statute is entitled to great weight in determining the meaning of an ambiguous provision. See Railroad Commission v. United States, 290 S.W.2d 699 (Tex. Civ. App. - Austin 1956) aff'd, 317 S.W.2d 927 (Tex. 1958); Armco Steel Corporation v. Texas Employment Commission, 386 S.W.2d 894 (Tex. Civ. App. - Austin 1965, writ ref'd n.r.e.). Article 21.07 of the Texas Insurance Code also requires an explanatory statement of facts to be filed with the State Board of Insurance on the termination of appointment of certain agents. See Sec. 9(a). Section 9(b) of that article provides that "[a]ny information, document, record, or statement required to be made or disclosed to the Board pursuant to this Article shall be deemed a privileged communication . . . ." (Emphasis added). In actual practice, the State Board of Insurance applies the section 9(b) disclosure prohibition to section 9 only and not to the remainder of the article. Since the administrative practice under nearly identical language is to limit the disclosure prohibition to the section addressing termination of appointment, it is arguable that the requirement of confidentiality in sections 12 and 14 of article 21.14 should also be limited to those two sections.

A fundamental rule of statutory construction is that the intention of the legislature must be ascertained from the entire act and not from isolated portions of the act. See Calvert v. Texas Pipe Line Company, 517 S.W.2d 777, 781 (Tex. 1975); City of Mason v. West Texas Utilities Co., 237 S.W.2d 273, 278 (Tex. 1951). The theory that the confidentiality provisions of subsections 12(c) and 14(c) apply to all of article 21.14 would be more persuasive if either or both non-disclosure provisions were located in a separate section of that article rather than in subsections of sections 12 and 14. While it is not conclusive, the fact that both sections 12(c) and 14(c) are subsections of larger sections indicates that the application of the two subsections was intended to be limited to their respective sections.

Lastly, a well-settled, cardinal rule of statutory construction requires language to be construed in a manner that gives effect and meaning to each word, sentence, and clause of the statute. Statutory language should not be construed in a fashion that renders some language redundant or superfluous. See Perkins v. State, 367 S.W.2d 140, 146 (Tex. 1963); Eddins-Walcher Butane Company v. Calvert, 298 S.W.2d 93, 96 (Tex. 1957); Spence v. Fenchler, 180 S.W. 597, 601 (Tex. 1915). The term "pursuant to this Article" appears in section 12(c) of article 21.14. If the prohibition against disclosure were to be construed to apply to the entire article 21.14, the identical language appearing in section 14(c) of the same article would be rendered

redundant and superfluous. By construing the disclosure prohibition to be limited to the respective sections, effect and meaning is given to all language. No words are rendered redundant or superfluous. This result is desirable as it comports with recognition of the sensitivity of information and evidence underlying a termination for cause while leaving non-sensitive information to be released to meet public needs, such as ascertaining whether a particular person is in fact a licensed and appointed local recording agent or solicitor.

## S U M M A R Y

The provisions in sections 12(c) and 14(c) of article 21.14 of the Texas Insurance Code, which prohibit disclosure of information furnished to the State Board of Insurance "pursuant to this Article," apply only to information furnished pursuant to the respective sections of the article in which the language appears and do not apply to all information furnished under article 21.14 in its entirety.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Nancy Sutton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton